Case 4:15-cv-01367   Document 54-2   Filed in TXSD on 06/15/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC ARON, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:15-cv-1367 |
| Plaintiff, | | |
| v. | | |
| CRESTWOOD MIDSTREAM PARTNERS LP, CRESTWOOD MIDSTREAM GP, LLC, ROBERT G. PHILLIPS, ALVIN BLEDSOE, MICHAEL G. FRANCE, PHILIP D. GETTIG, WARREN H. GFELLER, DAVID LUMPKINS, JOHN J. SHERMAN, DAVID WOOD, CRESTWOOD EQUITY PARTNERS LP, CRESTWOOD EQUITY GP LLC, CEQP ST SUB LLC, MGP GP, LLC, CRESTWOOD MIDSTREAM HOLDINGS LP, and CRESTWOOD GAS SERVICES GP, LLC, | | |
| Defendants. | | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

The Parties,[1] having applied for an order seeking preliminary approval of a settlement of the above-captioned action, preliminary certification of a settlement class, approval of the form and manner of Notice to be provided to the Settlement Class (as defined herein), and a

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the same meanings set forth in the Stipulation of Settlement entered into by the parties on June 13, 2016 ("***Stipulation***").

determination of other matters in connection with the Court's consideration of the proposed settlement of this lawsuit (the "*Settlement*"), in accordance with the Stipulation;

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court preliminarily certifies this lawsuit as a non-opt-out class action for purposes of settlement only, on behalf of a Settlement Class consisting of Plaintiff and any and all record and beneficial owners any unit(s) of Crestwood Midstream Partners LP ("*Crestwood Midstream*") who held any such unit(s) during the period beginning on and including May 5, 2015 through and including September 30, 2015 (the date of consummation of the Simplification Transaction), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding Glenda S. Moore, Kenneth C. Halter Trustee and Kenneth C. Halter Trust (the "Intervenors"), who previously attempted to intervene into this lawsuit, and Robert G. Phillips, Alvin Bledsoe, Michael G. France, Philip D. Gettig, Warren H. Gfeller, David Lumpkins, John J. Sherman, David Wood, Crestwood Midstream Partners LP, Crestwood Midstream Holdings LP, Crestwood Midstream GP LLC, Crestwood Gas Services GP LLC, Crestwood Equity Partners LP, Crestwood Equity GP LLC, CEQP ST SUB LLC, and MGP GP LLC, (collectively, "*Defendants*"), and, at all relevant times, the members of Defendants' immediate families, Defendants' legal representatives, heirs, successors, and assigns.

2. Plaintiff Isaac Aron ("***Plaintiff***") is provisionally appointed as class representative, and the law firms of The Bilek Law Firm, L.L.P. and Monteverde & Associates PC are provisionally appointed as counsel for the Settlement Class.

3. The Court preliminarily finds that the requirements of Rule 23(a) and Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure have been met for settlement purposes:

    a. The members of the Settlement Class are so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class, which predominate over any questions affecting only individual members;

    c. The claims or defenses of the class representatives are typical of the claims or defenses of the Settlement Class, and the class representatives will fairly and adequately protect the interest of the Settlement Class;

    d. The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class, which would establish incompatible standards of conduct for Defendants;

    e. Adjudications with respect to individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

    f. Defendants are alleged to have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole.

4. The Court preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, adequate, and in the best interest of the Settlement Class to warrant notice to the Settlement Class and the scheduling of a fairness hearing, at which time the Court will hear any objections (subject to the procedures described below) and consider whether to give final approval to the Settlement set forth in the Stipulation.

5. A hearing (the "*Settlement Hearing*") shall be held on October 7, 2016, at 9:30 am/~~pm~~ before the Honorable Vanessa D. Gilmore of the United States District Court for the Southern District of Texas, in Room 9513 of the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, to:

 a. Determine whether, for settlement purposes only, the Court's preliminary certification of the Settlement Class pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure should be made final;

 b. Determine whether Plaintiff may be designated as class representative and Lead Counsel may be designated as counsel to the Settlement Class;

 c. Determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interest of the members of the Settlement Class;

      d.      Determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the lawsuit and the Released Claims as to the Released Persons with prejudice as against Plaintiff and the Settlement Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims;

      e.      Consider Lead Counsels' application for an award of attorneys' fees and expenses to be paid (if and only if awarded by the Court);

      f.      Hear objections, if any, made to the Settlement or any of its terms; and

      g.      Hear and determine other matters relating to the proposed Settlement.

6.    The Court reserves the right to adjourn the Settlement Hearing or any part thereof, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

7.    The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Settlement Class.

8.    The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing, substantially in the form attached as Exhibit C to the Stipulation (the "*Notice*"), and finds that the mailing of the Notice, as set forth in paragraph 9 below, will fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Settlement Hearing and all other matters referred to in the Notice to all persons entitled to receive such Notice. At least ten (10)

calendar days prior to the Settlement Hearing, Defendants' counsel shall file with the Court an appropriate affidavit or declaration with respect to the preparation and mailing of the Notice to the Settlement Class and proof of mailing of notices pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 et seq. (the "CAFA Notice").

9. Within fourteen (14) business days following entry of this Order, Crestwood Midstream shall, at its expense, cause a copy of the Notice, substantially in the form attached as Exhibit C to the Stipulation, to be mailed by United States mail, postage prepaid, to all members of the Settlement Class who can be identified with reasonable effort, at their last known addresses appearing in the unitholder transfer records maintained by or on behalf of Crestwood Midstream. All record holders in the Settlement Class who were not also the beneficial owners of common units of Crestwood Midstream ("*Units*") are directed to forward the Notice to the beneficial owners of those Units or to provide the notice administrator selected by Crestwood Midstream (the "*Notice Administrator*") with a list of the names and addresses of beneficial owners of such Units within ten (10) business days after the receipt of the Notice. Crestwood Midstream, through the Notice Administrator, shall use reasonable efforts to give notice to such beneficial owners of Units by (a) making additional copies of the Notice available to any record holders who, prior to the Settlement Hearing, request the same for the purpose of distribution to such beneficial owners of Units, and/or (b) mailing copies of the Notice to beneficial owners of Units whose addresses have been provided to the Notice Administrator by the record holders of such Units.

10. Any member of the Settlement Class who objects to the proposed Settlement may appear at the Settlement Hearing in person or through counsel to show cause why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement

Class, or otherwise request to be heard concerning the Settlement. However, no person or entity (other than the Parties and their counsel) may be heard at the Settlement Hearing, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless, not later than twenty one (21) calendar prior to the Settlement Hearing, such person or entity files with the Court and serves upon each of the counsel listed below: (a) a written notice of the intention to appear; (b) proof of membership in the Settlement Class by way of brokerage statement, account statement, or other document evidencing ownership of Crestwood Midstream units; (c) a detailed summary of his, her, or its objections to any matter before the Court; (d) the grounds therefor or the reasons why he, she, or it desires to appear and be heard; and (e) all documents and writings which he, she, or it wants the Court to consider. The above-described papers must be (a) served by hand delivery or overnight mail on the following counsel of record no later than twenty one (21) calendar days prior to the Settlement Hearing:

THE BILEK LAW FIRM, L.L.P.
Thomas E. Bilek
700 Louisiana Street, Suite 3950
Houston, Texas 77002

FARUQI & FARUQI, LLP
Nadeem Faruqi
James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017

MONTEVERDE & ASSOCIATES PC
Juan E. Monteverde
350 Fifth Avenue, 59th Floor
New York, New York 10118

VINSON & ELKINS L.L.P.
Michael C. Holmes
1001 Fannin Street, Suite 2500
Houston, Texas 77002

ANDREWS KURTH LLP
Kelly Sandill
600 Travis, Suite 4200
Houston, Texas 77002

SCHIFFER ODOM HICKS & JOHNSON PLLC
Kenneth P. Held
700 Louisiana, Suite 2650
Houston, Texas 77002

and (b) filed with the Court in this lawsuit no later than twenty one (21) calendar days prior to the Settlement Hearing. Any member of the Settlement Class who fails to make his, her, or its

objection(s) in the manner provided herein shall be deemed to have waived such objection(s) (including any right of appeal) and shall be forever barred from making any such objection(s), including, without limitation, any objection to the fairness or adequacy of the proposed Settlement, unless otherwise ordered by the Court.

11. The Parties may file responses to any objections with the Court and serve their responses upon any objectors or the objector's counsel no later than seven calendar days prior to the Settlement Hearing.

12. All proceedings in this lawsuit, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. All members of the Settlement Class are preliminarily enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action or claim for relief asserting or relating to any of the Released Claims.

13. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or the Effective Date of the Settlement fails to occur for any reason whatsoever, the Stipulation (including any modification thereof), the Settlement Class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect except for Crestwood Midstream's obligation to pay for expenses incurred in connection with the Notice, CAFA Notice, and administration thereof provided for by this Preliminary Order, and neither the MOU, the Stipulation, nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission or offered or received as evidence at any proceeding in this or any other action or proceeding.

14. In any event, none of the MOU, the Stipulation, nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Parties, members of the Settlement Class, or any other person or entity of any liability or absence of liability as to any claim alleged or asserted in the lawsuit or otherwise, and shall not be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of the Stipulation), or be used in any way as an admission, concession, or evidence of the existence or absence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiff, Lead Counsel, or the members of the Settlement Class, or any present or former unitholder of Crestwood Midstream, or any other person or entity, has or has not suffered any damage.

15. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered in the form attached as Exhibit D to the Stipulation.

16. The Court retains exclusive jurisdiction over this lawsuit to consider all further matters arising out of or connected with the proposed Settlement.

SO ORDERED this 21st day of June, 2016.

_____
The Honorable Vanessa D. Gilmore
United States District Judge