# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ISAAC ARON, on behalf of all others similarly situated, | ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:15-cv-1367 |
| CRESTWOOD MIDSTREAM PARTNERS, LP, et al., | ) ) ) |
| Defendants. | ) |

## OBJECTION TO CLASS ACTION SETTLEMENT
## AND PAYMENT OF ATTORNEYS' FEES

Putative class member, David G. Duggan, pro se, submits this objection to the proposed class action settlement which provides for payment of $575,000 in attorneys' fees for no substantive benefit to the class members. In support he states:

1. Duggan held 1,375 units in defendant Crestwood Midstream Partners, LP until the November 2015 merger; he now holds 137 units in defendant Crestwood Equity Partners, LP, the surviving master limited partnership which emerged from the forced merger in what amounted to a reverse stock-split.

2. Though the Notice of Pendency of Class Action ... ("Notice") is dated June 21, 2016, Duggan did not receive it until sometime in August. He phoned class counsel on or about Aug. 30, 2016, and received information and materials that day relative to the settlement. Because of a long-planned European vacation from Sept. 7-21, 2016, he was not able to file this response before the 21-day window before the Oct. 7 hearing date, established by that Notice. Duggan submits that this establishes "good cause" for failing to file this Objection as set out in ¶ VI of the Notice.

3. The information received in August 2016 included the "Form 8K" submitted to the Securities and Exchange Commission, which purported to "supplement" the original proxy statement/prospectus relative to the proposed merger. So far as can be determined, the "supplement" included only "unaudited financial projections" and a "cautionary note regarding forward-looking statements" but because the supplement did not contain "red-lined" changes to the original disclosures, that is at best a surmise.

4. Recently, the United States Court of Appeals for the 7th Circuit, Posner, J., issued an opinion as to the "racket" of plaintiffs' lawyers' collecting 6-figure fees for "disclosure only" merger

cases (in which only new "disclosures" are made, and no "sweetening of the pot" for investors in the form of money or other consideration): *In re Walgreen Co. Stockholder Litigation*, No. 15-3799, slip op. of Aug. 10, 2016. After detailing the six new disclosures, each of which "contained no new information that a reasonable investor would have found significant," the Seventh Circuit reversed the district judge's approval of the settlement and award of attorneys' fees and ordered the judge either to find a better class representative or dismiss the suit.

5. In language particularly appropriate to this case, Judge Posner noted the "incentive" of plaintiff's counsel "in complicity with the defendant's counsel, to sell out the class" by jointly recommending a "settlement involving a meager recovery for the class but generous compensation for the lawyers." But in a "more disclosure" case,

> the benefit for the class was not meager; it was nonexistent. The type of class action illustrated by this case–the class action that yields fees for class counsel and nothing for the class–is no better than a racket. It must end. No class action settlement that yields zero benefits for the class should be approved, and a class action that seeks only worthless benefits for the class should be dismissed out of hand. [Slip. op at 8, citation omitted.]

6. The Seventh Circuit cited a Delaware case, *In re Trulia, Inc. Stockholder Litigation*, 129 A.3d 884 (Del. Ch. 2016) in further support of its position that "unless the supplemental disclosures address a *plainly material misrepresentation or omission*," "disclosure settlements are likely to be met with continued disfavor." (Slip op. at 10, emphasis in original.) Neither the Notice, nor the "Supplemental Disclosures" give any indication as to a "plainly material misrepresentation or omission" in the original documents. If the supplemental disclosures contained only "forward-looking statements," those are plainly mere speculations that have no informational value to a reasonable investor under the standard of *TSC Industries, Inc. v. Northway*, 426 US 438, 449 (1976). Tellingly, the *Trulia* case was not cited in class counsel's communication with Duggan.

7. Duggan is a lawyer admitted to practice in the state and federal courts of Illinois and New York and makes these statements under penalties of perjury.

Dated: Sept. 28, 2016      Chicago, IL          )
                           County of Cook       )ss:

DAVID G. DUGGAN, pro se

S/ *[signature]*
David G. Duggan

3108 N. Southport      Coachhouse
Chicago, IL 60657      773-281-2873  e-mail: davidgraysonduggan@hotmail.com