IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC ARON, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 4:15-cv-01367 |
| Plaintiff, | § § | |
| v. | § § | |
| ROBERT G. PHILLIPS, ALVIN BLEDSOE, MICHAEL G. FRANCE, PHILIP D. GETTIG, WARREN H. GFELLER, DAVID LUMPKINS, JOHN J. SHERMAN, DAVID WOOD, CRESTWOOD MIDSTREAM PARTNERS LP, CRESTWOOD MIDSTREAM HOLDINGS LP, CRESTWOOD MIDSTREAM GP LLC, CRESTWOOD GAS SERVICES GP, LLC, CRESTWOOD EQUITY PARTNERS LP, CRESTWOOD EQUITY GP LLC, CEQP ST SUB LLC and MGP GP, LLC, | § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, AND AN AWARD OF ATTORNEYS' FEES AND <u>EXPENSES, AND IN REPLY TO THE SOLE OBJECTION</u>**

## I. INTRODUCTION

Lead Plaintiff Isaac Aron ("Plaintiff")[1] submits this reply memorandum of law in further support of the Settlement and in response to the *sole* objection received by a purported Settlement Class member who is an attorney, David G. Duggan (the "Duggan Objection") (ECF no. 65). "Once the court has given preliminary approval, an agreement is presumptively reasonable, and an individual who objects has a *heavy burden* of demonstrating that the settlement is unreasonable." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 293 (W.D. Tex. 2007).[2] Mr. Duggan has not come close to satisfying his heavy burden here. Further, his objection is untimely and may be denied on that basis alone. *Infra* § II.B.

## II. ARGUMENT

### A. The Supplemental Disclosures Provided Midstream Unitholders with Previously Withheld Financial Projections, Rendering *Trulia* and *Walgreen Co*. Clearly Distinguishable

Mr. Duggan first refers the Court to opinions in two unrelated cases which rejected disclosure-only settlements: *In re Trulia, Inc. Stockholder Litig.*, 129 A.3d 884 (Del. Ch. 2016) (Appendix at App00001-18) and *In re Walgreen Co. Stockholder Litig.*, No. 15-3799, 2016 U.S. App. LEXIS 14684 (7th Cir. Aug. 10, 2016) ("*Walgreen*") (Appendix at App000019-23). Duggan Objection ¶¶ 4-6. Mr. Duggan's objection appears to be premised upon his dislike or misunderstanding of all non-monetary settlements in general.[3] Neither *Trulia* nor *Walgreen*

---

[1] All capitalized terms not defined herein have the same meaning as set forth in Plaintiff's Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and an Award of Attorneys' Fees and Expenses ("Opening Brief").

[2] All internal citations and punctuation have been omitted and all emphasis has been added unless otherwise noted.

[3] While Mr. Duggan is certainly entitled to his opinion, it is contrary to the Supreme Court's. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 396 (1970) ("[T]he stress placed by

1

supports the proposition that the Supplemental Disclosures obtained *here* were not material, nor that the Settlement is not fair, adequate, and reasonable. In fact, *Trulia* undermines Mr. Duggan's objection and directly supports the materiality of the Supplemental Disclosures.

In *Trulia*, the Delaware Court of Chancery denied final approval of a class action settlement because, *unlike here*, the primary disclosure plaintiff argued supported the settlement was information that was *already disclosed in the proxy*. *Trulia*, 129 A.3d at 902 ("the $175 million synergies figure that plaintiffs consider so important was not new information. It already was disclosed in the Proxy. . . .") (Appendix at App000013). Further, unlike here, the supplemental disclosures obtained in *Trulia did not include any previously undisclosed financial projections*. The Supplemental Disclosures procured via the Settlement here, by contrast, included financial projections which were prepared by Crestwood management and relied upon by the Special Committee and its financial advisor (TPH), but were *omitted from the Proxy*.

As set forth in Plaintiff's Opening Brief, the newly disclosed projections were material to Midstream Unitholders. *See, e.g.*, *Brown v. Brewer*, No. CV 06-3731-GHK (SHx), 2010 U.S. Dist. LEXIS 60863, at *70 (C.D. Cal. June 17, 2010) ("A reasonable shareholder would have wanted to independently evaluate management's internal financial projections to see if the company was being fairly valued. There is a substantial likelihood that a reasonable shareholder would consider it important in making his decision.") (Appendix at App000039); *Smith v. Robbins & Myers, Inc.*, 969 F. Supp. 2d 850, 874 (S.D. Ohio 2013) ("[I]f a Proxy disclose[d]

---

Congress on the importance of fair and informed corporate suffrage leads to the conclusion that, in vindicating the statutory policy, petitioners have rendered a substantial service to the corporation and its shareholders."); *see also Koppel v. Wien*, 743 F.2d 129, 134-35 (2d Cir. 1984) ("[i]t is well established that non-monetary benefits, such as promoting fair and informed corporate suffrage. . . may support a [settlement].").

valuation information, it must be complete and accurate."). Indeed, the *Trulia* Court specifically noted the special materiality of projections, stating that the Delaware Court of Chancery "*has placed special importance* on [management projections and internal forecasts] because it may contain unique insights into the value of the company that cannot be obtained elsewhere." *Trulia*, 129 A.3d at 901 n.57 (Appendix at App000012); *In re Sauer-Danfoss Inc. S'holders Litig.*, 65 A.3d 1116, 1136 (Del. Ch. 2011) ("This Court has often awarded fees of approximately $400,000 to $500,000 for one or two meaningful disclosures, such as previously withheld projections. . .") (Appendix at App000064).

*Walgreen* is similarly distinguishable. As in *Trulia*, the supplemental disclosures in *Walgreen* did not include any previously withheld financial projections. Instead, the disclosures in *Walgreen* were deemed "worthless" because they merely reasserted information that was already "obvious" from the original proxy. 2016 U.S. App. LEXIS 14684, at *5-8 ("the additional disclosure provided no new information to shareholders"; the new information "had been highlighted elsewhere in the proxy statement"; "to be told that the board considered 'a number of factors' was to be told nothing.") (Appendix at App000020-21).

Further, in assessing materiality, "[n]o matter how stated…it is well-established that a material fact *need not be outcome-determinative*; *that is, it need not be important enough that it 'would have caused the reasonable investor to change his vote.*' Rather, the information need only be important enough that it 'would have assumed actual significance in the deliberations of the reasonable shareholder.'" *Folger Adam Co. v. PMI Indus., Inc.*, 938 F.2d 1529, 1533 (2d Cir. 1991) (quoting *TSC Indus., Inc. v. Northway, Inc*. 426 U.S. 438, 449 (1976)); *Justin Indus., Inc. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 (5th Cir. 1990) ("[W]e find that the district court erred in making the sole test of materiality the *effect*-upon-a-typical-investor test"). As the

3

Second Circuit explained in holding that a district court provided a jury with an improper materiality charge in an analogous case involving withheld projections:

> [T]he subtle distinction between information that is outcome-determinative and that which is important, but not outcome-determinative, is critical. After all, a reasonable investor in Folger Adam's position may well have viewed the pessimistic April and October projections as important enough to assume actual significance in its investment deliberations -- i.e., in determining how much it was willing to pay for Stuart/Bayley, or how it was going to structure the transaction -- but not necessarily important enough, when viewed as part of the total mix of available information, to change its decision on whether to consummate the transaction.[4]

*Folger Adam Co.*, 938 F.2d at 1533 n.3.

---

[4] While Plaintiff's Counsel takes no issue with the *Walgreen* majority opinion's conclusion regarding the materiality of the particular supplemental disclosures at issue there, Plaintiff's Counsel believes that the *Walgreen* majority failed to appreciate this "subtle distinction," which may be the reason why a dissenting opinion from Judge Yandle is forthcoming. Specifically, the *Walgreen* majority opinion stated that "[d]isclosures are meaningful *only if they can be expected to affect the votes of a nontrivial fraction of the shareholders. . .*" 2016 U.S. App. LEXIS 14684, at *9 (Appendix at App000021). The *Walgreen* majority opinion appears to conflate two distinct concepts, and suggests that in order to conclude that a fact has "assumed actual significance in the deliberations of [a] reasonable shareholder", the fact must have impacted the shareholder's voting behavior. *Id.* at *9-10 (Appendix at App000022). But as the Supreme Court's *TSC Industries* opinion makes clear, materiality "does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote." 426 U.S. at 449; *Folger Adam Co.*, 938 F.2d at 1533 (same); *Comeau v. Rupp*, 810 F. Supp. 1127, 1159 (D. Kan. 1992) ("[I]n order to be material under federal securities law, a misrepresentation or omission need not be outcome-determinative, in the sense that it actually would have caused a reasonable investor to have acted differently."). Further, to the extent there is "any doubt" about materiality, such doubt should be resolved in favor of finding the information material. *See TSC Indus., Inc.*, 426 U.S. at 448 ("[I]n view of the prophylactic purposes of the Rule and the fact that the content of the proxy statement is within management's control, it is appropriate that [any] doubt[ ] be resolved in favor of those the statute is designed to protect.").

In sum, all disclosure-only settlements are not created equal. *Trulia* and *Walgreen* stand for the unremarkable proposition that supplemental disclosures that merely provide shareholders with trivial information that is already available in or can be gleaned from the proxy cannot support a disclosure-only settlement.[5] Plaintiff's Counsel fully agrees with this proposition. But the Supplemental Disclosures here clearly do not fall into such a category. Instead, the Supplemental Disclosures here provided Midstream Unitholders with *previously withheld financial projections* that enabled them assess Crestwood's anticipated future financial performance and thus the fairness of the exchange ratio under various scenarios.

Mr. Duggan also argues that the Supplemental Disclosures were not material because they "contained only 'forward-looking statements,'" which are "mere speculations that have no informational value to a reasonable investor. . ." Duggan Objection ¶ 6. Mr. Duggan essentially argues that all forward-looking projections are immaterial as a matter of law. He provides no authority for this broad proposition, presumably because there is none. *United States v. Smith*, 155 F.3d 1051, 1066 (9th Cir. 1998) ("There is, quite simply, no case law to support Smith's blanket assertion that forward-looking statements cannot, as a matter of law, constitute 'material' information. . ."). The fact that projections may not be "compiled with substantial certainty" does not render them immaterial. *Folger Adam Co.*, 938 F.2d at 1534. To the contrary, as Plaintiff's Counsel explained to Mr. Duggan via e-mail and subsequently set forth in Plaintiff's

---

[5] Indeed, since *Trulia*, both federal courts and the Delaware Court of Chancery have indicated that disclosure-only settlements that actually provide shareholders with *new* material information (as opposed to already disclosed information) are fair to the class and continue to warrant final approval. *See Leitz v. Kraft Foods Grp., Inc.*, No. 3:15-CV-262-HEH, 2016 U.S. Dist. LEXIS 35623 (E.D. Va. Mar. 10, 2016) (Appendix at App000071-77); *In re BTU Int'l, Inc. Stockholders Litig.*, No. 10310-CB (Del. Ch. Feb. 18, 2016) (Order and Final J.) (Appendix at 78-85); *In re NPS Pharm. Stockholders Litig.*, No. 10553-VCN (Del. Ch. Feb. 18, 2016) (Order and Final J.) (Appendix at 86-95).

5

Opening Brief, courts have consistently found forward-looking financial projections to constitute material information, particularly to shareholders assessing complex corporate transactions such as a merger. Indeed, the *Trulia* opinion Mr. Duggan relies upon noted as much. *Trulia*, 129 A.3d at 901 n.57 (Appendix at App000012).

Here, the newly disclosed projections were particularly material because Defendants chose to selectively disclose only *some* of the projections reviewed and relied upon by the Special Committee and TPH. *See Maric Capital Master Fund, Ltd. v. Plato Learning, Inc*., 11 A.3d 1175, 1178 (Del. Ch. 2010) (enjoining shareholder vote where a proxy "selectively disclosed projections relating to [a company's] future performance" and excised useful projections) (Appendix at App000098). The Supplemental Disclosures provided Midstream Unitholders with the two sets of financial projections that were omitted from the Proxy. Once Defendants decided to disclose financial projections, they were required to be "complete and accurate." *Smith*, 969 F. Supp. 2d at 874; *Brown*, 2010 U.S. Dist. LEXIS 60863, at *70 (Appendix at App000039).

### B.      Mr. Duggan's Objection Is Untimely and May Be Rejected on That Basis Alone

Finally, Mr. Duggan's objection is untimely and may be rejected on that basis alone. *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077, at *76 (N.D. Tex. Nov. 8, 2005) ("[Objector Rinis] has filed an untimely objection…Because the notice of settlement was sufficient, including the notice of the time within to file objections, Rinis' objection is rejected. . .") (Appendix at App000124); *Med. Mut. of Ohio v. Smithkline Beecham Corp*., 291 F.R.D. 93, 100 n.4 (E.D. Pa. 2013) ("There are other reasons to strike the objections. As to Payton's objection, it was not filed until four days past the deadline."). Indeed,

6

"courts frequently overrule untimely objections. . ." *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 246 (D.N.J. 2005) (collecting cases).

Mr. Duggan acknowledges he received the notice "sometime in August." Duggan Objection ¶ 2. We also know he read the notice "sometime in August," because he proceeded to call Plaintiff's Counsel on August 30, 2016 and was immediately provided with material relevant to the Settlement and an explanation as to why it is fair. *Id.* Nevertheless, Mr. Duggan, an attorney who is undoubtedly aware of the importance of meeting court imposed deadlines, decided to wait until after his two-week "long-planned European vacation", and then waited *another week* after he returned from vacation to file his objection on September 28th, five days after the objection deadline. *Id.*[6] Such delay most certainly does not constitute "good cause". *T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438, 441 (W.D.N.Y. 2012) ("Generally, good cause for late filing would be something like postal service error, or in other words, an event that the filing party *had no control over. . . . a scheduled vacation and other commitments did not constitute good cause*. . ."); *Medline Indus. v. Medline Rx Fin., LLC*, 218 F.R.D. 170, 173 (N.D. Ill. 2003) ("the untimely vacations and health problems that beset Defendant's counsel and manager do not constitute excusable neglect."); *Torrey v. Dep't of Elem. & Secondary Educ. Appeals*, 952 F. Supp. 2d 304, 306 (D. Mass. 2013) ("Plaintiff still had two weeks after returning home and receiving her mail to file a notice of appeal. . . . Plaintiff's vacation does not constitute excusable neglect or good cause for her delayed filing."); *Koselke v. Chi. Heights Glass*, No. 97 C 4588, 1997 U.S. Dist. LEXIS 14037, at *5-6 (N.D. Ill. Sept. 9, 1997) ("[Counsel's]

---

[6] The Notice and the Court's Preliminary Approval Order clearly state that objections were required to be served "no later than twenty-one (21) calendar days prior to the Settlement Hearing" which was September 23, 2016.

circumstances do not constitute good cause for extending a response deadline. *Counsel could have prepared her response before she left for her European vacation. If other factors made that impossible, counsel failed to allege them.*") (Appendix at App000136).

### III.  CONCLUSION

For the foregoing reasons, Mr. Duggan's objection is without merit and should be overruled. Indeed, courts have rejected similarly misplaced objections to disclosure-only settlements. *See, e.g., In re Schering-Plough/Merck Merger Litig.*, No. 09-CV-1099 (DMC), 2010 U.S. Dist. LEXIS 29121, at *40-47 (D.N.J. Mar. 25, 2010) (approving disclosure-only settlement and $3.5 million award of attorneys' fees despite five objections regarding the alleged "trivial" nonmonetary benefit received) (Appendix at App000148-50). Plaintiff respectfully requests that the Court enter the Proposed Final Approval Order, thereby: (a) finally approving the Settlement; (b) finally certifying the Settlement Class for settlement purposes; and (c) approving Plaintiff's request for reasonable attorneys' fees and reimbursement of expenses.

DATED:  October 7, 2016              Respectfully submitted

By: */s/ Thomas E. Bilek*
     Thomas E. Bilek
TX Bar No.: 02313525/ SDTX Bar No. 9338
THE BILEK LAW FIRM, L.L.P.
700 Louisiana, Suite 3950
Houston, TX 77002
Tel.: 713-227-7720
Fax.: 713-227-9404

Nadeem Faruqi
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331

Juan E. Monteverde

8

        Miles D. Schreiner
        MONTEVERDE & ASSOCIATES PC
        The Empire State Building
        350 Fifth Avenue, 59th Floor
        New York, NY 10118
        Tel.: 212-971-1341

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2016, the foregoing document was filed with the clerk of the court for the U.S. District Court, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of document by electronic means. I further certify that on October 7, 2016, the foregoing document was served on Mr. Duggan via electronic mail.

                                                     */s/ Thomas E. Bilek*
                                                     Thomas E. Bilek