United States District Court
Southern District of Texas
**ENTERED**
October 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAAC ARON, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-1367 |
| CRESTWOOD MIDSTREAM PARTNERS LP, *et al*, | § § § § | |
| Defendants. | § | |

## FINAL JUDGMENT

In accordance with the Order of this Court entered on October 14, 2016, Judgment is entered as follows:

1. This Judgment incorporates by reference the definitions in the Stipulation. All capitalized terms other than proper nouns that are not defined herein shall have the meanings set forth in the Stipulation.

2. Notice has been given to the Settlement Class, pursuant to and in the manner directed by the Order and Final Judgment; proof of the mailing of the Notice, and a full opportunity to be heard has been offered to all Parties, the Settlement Class, and Persons in interest. The form and manner of the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (the "*Notice*") is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and applicable law, including without limitation Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C., § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of

1

the United States, and any other applicable law. It is further determined that all members of the Settlement Class are bound by the Judgment herein. Defendants further caused to be served on the United States Attorney General and all State Attorneys General the notice of the proposed Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq.* (the "CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

3. The parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Judgment.

4. The Lawsuit and the Released Claims (as defined below) are hereby dismissed on the merits and with prejudice, and without costs.

5. The "***Effective Date***" shall mean the date by which all of the following have occurred: (i) the Settlement has been approved in all material respects by the Court; (ii) this Judgment has been entered by the Court; and (iii) the time to appeal the Judgment has expired without the filing of any appeals, or, in the event of any appeal, an order has been entered dismissing the appeal or affirming the Judgment, and any time period for further appeal, including a petition for writ of certiorari, has expired. The Effective Date shall occur even if an appeal is taken from or review is sought of the Judgment, if such appeal(s) or petition(s) for review concerns solely any award to Plaintiff's counsel of attorneys' fees and expenses or the allocation of said attorneys' fees and expenses among counsel.

6. As of the Effective Date, Plaintiff and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, remised, relinquished, and discharged all Defendants (including all current

directors and officers of Crestwood Midstream, whether named as defendants or not) and any of their present or former parents, affiliates, subsidiaries, and their respective directors, officers, general partners, limited partners, partnerships, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, personal representatives, estates, administrators, successors, and assigns (all, collectively, the "*Released Persons*") from any and all claims of every nature and description whatsoever against the Released Persons that have been or could have been asserted of any nature, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims that Plaintiff or any or all other members of the Settlement Class, in their capacity as Crestwood Midstream unitholders, ever had, now have, or may have, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type, or in any other capacity, against any of the Released Persons, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of Crestwood Midstream), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, relate to any of the following: (i) the Simplification Transaction, including but not limited to the terms and conditions thereof; (ii) any and all occurrences or matters mentioned or referred to in the Preliminary Proxy, the Final Proxy, or the Supplemental Disclosures concerning the Simplification Transaction; (iii) the process conducted, and decisions made and actions taken or not taken in connection

therewith and in connection with the Simplification Transaction; (iv) negotiations in connection with the Simplification Transaction and with any actual or potential acquirer of Crestwood Midstream; (v) the consideration to be received by Settlement Class members or by any other Crestwood Midstream unitholder in connection with the Simplification Transaction; (vi) the Preliminary Proxy or Final Proxy, any other disclosures, public filings, periodic reports, press releases, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Simplification Transaction; (vii) the fiduciary obligations of the Released Persons in connection with the Simplification Transaction or any of the matters mentioned or referred to in the Preliminary Proxy, Final Proxy, or Supplemental Disclosures; (viii) claims for fees, expenses, or costs incurred in prosecuting or settling the Lawsuit, or in connection with any claim for benefits conferred on the Settlement Class, except as set forth in Section IV of the Stipulation; (ix) any of the matters referred to or alleged, or which could have been alleged relating to the Simplification Transaction, in any complaint or amendment(s) thereto filed in the Lawsuit (all of the foregoing, including both the foregoing subparts and the text preceding those subparts, being collectively referred to as the "***Released Claims***"); provided, however, that the Released Claims shall not include (i) the right of any Settlement Class member or any of the Defendants to enforce the terms of the Settlement, (ii) the claims asserted by plaintiff Kenneth C. Halter Trust, in the Books and Records Lawsuit, and (iii) any claims that have been or may be asserted by the Intervenors, on behalf of themselves. For the avoidance of doubt, Released Persons includes without limitation TPH and Citigroup Global Markets Inc.

7.  As of the Effective Date, Plaintiff and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, remised, relinquished, and discharged the Released Claims, including any and all claims that Plaintiff or any member of the Settlement Class do not know or suspect exist in their or its favor at the time of the release of the Released Claims as against the Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement (the "***Unknown Claims***"). Plaintiff acknowledges, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that he may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiff, and by operation of law the members of the Settlement Class, to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. With respect to any and all of the Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment by the Court shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,

WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff acknowledges, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that Unknown Claims are expressly included in the definition of Released Claims and that such inclusion was separately bargained for and was a material element of the Settlement and was relied upon by each and all Defendants in entering into the Stipulation.

8. Plaintiff and all Settlement Class members, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly or in any other capacity, any of the Released Claims against any of the Released Persons.

9. As of the Effective Date, Defendants and the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiff, members of the Settlement Class, and Lead Counsel from all claims arising out of the institution, prosecution, settlement, or resolution of the Lawsuit; provided, however, that Defendants and the Released Persons shall retain the right to enforce this Judgment, the terms of the Stipulation, or the Settlement.

10. None of the Settlement, the Memorandum of Understanding executed by Plaintiff and Defendants on September 22, 2015, (the "*MOU*"), or the Stipulation shall be deemed a presumption, concession, or admission by any of the parties as to the merits, or lack thereof, of any allegations, claims, or defenses that have been or might be alleged or asserted in the Lawsuit or any other action or proceeding that has been, will be, or could be

brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Lawsuit or in any other action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein; provided, however, that the Stipulation and/or Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to argue that the Stipulation and/or Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment.

11. Lead Counsel are hereby awarded attorneys' fees and expenses in the amount of $575,000 in connection with the Lawsuit, which amount the Court finds to be fair, reasonable, and adequate. Such attorneys' fees and expenses shall be paid by Crestwood Midstream (or its successor(s) and/or insurer(s)) pursuant to the relevant provisions of the Stipulation. No counsel representing the Plaintiff or member of the Settlement Class in the Lawsuits shall make any further or additional application for fees and/or expenses to the Court or any other court.

12. If the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU on September 22, 2015.

13. The binding effect of this Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution

of any appeal from this Judgment that relates solely to the issue of Lead Counsel's (or any other counsel's) application for an award of attorneys' fees and expenses.

14.     Without affecting the finality of this Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

**ORDERED** this 14th day of October, 2016.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**